# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-05-00041-CR
NO. 03-05-00042-CR

**Juan Roberto Ramos Rodriguez, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
NOS. CR21,051 & CR21,052, HONORABLE EDWARD P. MAGRE, JUDGE PRESIDING**

## O P I N I O N

In the first of these causes, a jury found appellant Juan Roberto Ramos Rodriguez guilty of murder and assessed punishment at forty years' imprisonment and a $10,000 fine. *See* Tex. Pen. Code Ann. § 19.02 (West 2003). In the second cause, the same jury found appellant guilty of attempted murder and assessed punishment at twenty years' imprisonment and a $10,000 fine. *See id*. § 15.01. In a single point of error, appellant contends that the jury charge did not afford him a unanimous verdict on the issue of self-defense. We will overrule this contention and affirm the convictions.

On the night of June 3, 2004, appellant shot Alejandro Romero six times, killing him. He then shot Baldemar Arzola three times. The shootings culminated an evening that began with appellant and Romero drinking beer together at the home of Juan Moncivais. Later, the drinking

continued in the yard outside Romero's and Arzola's neighboring residences on the farm where all four men were employed. During the course of the evening, Romero told appellant that, on another occasion, Arzola had said that he wanted to kill appellant. This upset appellant, who confronted Arzola about what he had said. Arzola and Romero assured appellant that Arzola had been drunk when he made the statement and had not meant it. This did not satisfy appellant, who eventually pulled a pistol from his pants and fired two shots into the ground at Romero's feet. When Romero stepped forward, appellant shot him and then shot Arzola.

Appellant testified that he believed that Romero and Arzola were armed with knives and about to attack him. He acknowledged, however, that neither man displayed a weapon. During earlier statements to the police, appellant said that he had meant to shoot Arzola, but did not mean to shoot Romero.

In its charge, the trial court instructed the jury on the use of deadly force in self-defense. *See id*. §§ 9.31, 9.32. The court qualified appellant's right of self-defense by telling the jury that the use of force against another is not justified if the actor provoked the other's use or attempted use of force, or if the actor sought an explanation from or discussion with the other person concerning their differences while the actor was unlawfully carrying a weapon. *See id* § 9.31(b)(4), (5). In applying the law to the facts, the court instructed the jurors to find against appellant on the issue of self-defense if they believed beyond a reasonable doubt that he had provoked the difficulty or had sought out Romero and Arzola while unlawfully armed.

Appellant asserts that in qualifying his right of self-defense, the trial court erred by failing to require the jurors to agree unanimously as to whether he provoked the difficulty, or

2

unlawfully armed himself before seeking out Romero and Arzola, or both. He also draws our attention to the prosecutor's jury argument, where he said:

> The twelve of you don't have to agree on which one you think happened. Six of you could think well, he was carrying a gun seeking the discussion and therefore there's no self-defense and six of you—or four of you could say well, he provoked the difficulty, therefore he gets no self-defense and the other two could say, well, I think he did both so he doesn't get self-defense.
>
> So, you don't all have to agree that he was carrying the gun or he provoked the difficulty or you don't all have to agree that it was both. You just all have to say I don't believe he was defending himself and you can choose which of those two you believe, that he was carrying the gun or he provoked the difficulty or both.

Appellant did not object to the charge or to the argument.

The right to a unanimous jury verdict in a felony case is constitutionally and statutorily guaranteed. *See* U.S. Const. amends. VI, XIV; Tex. Const. art. V, § 13; Tex. Code Crim. Proc. Ann. art. 36.29(a) (West Supp. 2006). The unanimity requirement ensures that each juror is convinced beyond a reasonable doubt that the prosecution has proved each essential element of the offense. *Jefferson v. State*, 189 S.W.3d 305, 311 (Tex. Crim. App. 2006) (quoting *State v. Johnson*, 243 Wis.2d 365, 627 N.W.2d 455, 459-60 (2001)). But while jury unanimity is required as to the essential elements of the offense, if the statute in question establishes different modes or means by which the offense may be committed, unanimity is generally not required as to the alternate modes or means of commission. *Id*. Ordinarily, then, the first step in a unanimity challenge is an examination of the statutory language to determine the elements of the crime and whether the legislature has created a single offense with multiple or alternate modes of commission. *Id*.

3

Self-defense is not a crime, of course, but a justification for conduct that would otherwise be criminal. Tex. Pen. Code Ann. § 9.02 (West 2003). When the issue is raised by the evidence, the State bears the burden of proving beyond a reasonable doubt that the defendant's conduct was not justified by self-defense. *Id*. § 2.03(d). To meet this burden, the State is not required to produce evidence to disprove the raised defense, but only to prove its case beyond a reasonable doubt. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). In other words, the State must present evidence sufficient to support a finding beyond a reasonable doubt that the defendant committed each of the essential elements of the crime and did not act in self-defense. *Saxton*, 804 S.W.2d at 914.

To ensure that the State's burden of proof is met, the jurors must unanimously agree that the defendant's conduct was not justified by self-defense. It is not necessary, however, that they unanimously agree as to why. The various prerequisites and qualifications contained in sections 9.31 and 9.32 are simply the "modes or means" by which the defense is raised by the defendant and, when raised, disproved by the State. Under the law of self-defense as it applies to the facts of this case and was set out in the court's charge, the jurors could have concluded that appellant's use of deadly force against Romero and Arzola was not justified because: (1) appellant did not reasonably believe that the use of deadly force was immediately necessary to protect himself from Romero's and Arzola's use or attempted use of unlawful deadly force (Tex. Pen. Code Ann. § 9.32(a)(3)(A)); or (2) a reasonable person in appellant's position would have retreated (*id*. § 9.32(a)(2)); or (3) appellant provoked Romero's and Arzola's use or attempted use of unlawful force (*id*. § 9.31(b)(4)); or (4) appellant sought an explanation or discussion with Romero and Arzola while unlawfully carrying

4

a firearm (*id*. § 9.31(b)(5)).  Each of these reasons for rejecting appellant's self-defense claim results in the same conclusion: appellant was not justified in using deadly force under the circumstances and therefore guilty of murder and attempted murder.  *See Jefferson*, 189 S.W.3d 313-14.

The trial court did not err by failing to require a unanimous jury finding regarding the section 9.31(b) limitations on the right of self-defense.  The point of error is overruled and the judgments of conviction are affirmed.

_____

David Puryear, Justice

Before Justices B. A. Smith, Puryear and Waldrop

Affirmed

Filed:   November 8, 2006

Publish