NO. 07-10-00129-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
7, 2011

 



 

SCOTT EDWARD SATTLER, II, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

FROM THE COUNTY COURT AT LAW NO. 2 OF BRAZOS COUNTY;

 

NO. 09-03497-CRM-CCL2; HONORABLE JAMES W. LOCKE, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Scott Edward Sattler, II, appeals from his jury
conviction of the offense of assault bodily injury—dating violence and the
resulting sentence of confinement for 365 days, suspended in favor of community
supervision for a period of 18 months. Through a single issue, appellant
contends the trial court erred in denying his motion for new trial, based on a Brady[1]
violation complaint.  We will affirm.

 

 

Background

            On August 6, 2009, after an
argument, appellant and his girlfriend of three weeks had a physical
altercation that resulted in injuries to the girlfriend.  She testified he hit her three times in the
face and neck. Although appellant did not testify at trial, evidence showed he
claimed the girlfriend attacked him first. 


On appeal,
much of appellant’s argument focuses on the evidence he suffered bruises from
blows from the girlfriend.  At trial, the
only law enforcement officer to testify said he saw visible marks on the left
side of the girlfriend’s neck but did not see any visible marks on appellant
despite his complaints that his face, arms, and right side hurt.  A doctor testified he examined appellant five
days after the altercation and observed three bruises, one on appellant’s upper
right arm, one near his right clavicle and one just above his knee.[2]  The doctor testified the bruises were
consistent with appellant’s statement that his girlfriend struck him on August
6.

             Appellant was arrested by a College Station
police officer and was first taken to the city jail.  He was later transferred to the Brazos County
jail.  Medical intake was performed at
each jail.  At trial, a College Station
officer read from the medical intake records from the city jail.  The statements he read before the jury refer
to complaints by appellant that his face and arms hurt from the fight.  They also said there were no visible marks
except for old bruises.  

            At
the hearing on appellant’s motion for new trial, a Brazos County detention
officer testified the records collected at the county jail included appellant’s
medical history taken by the jail staff the morning he was booked into the
county jail.  He testified the records
refer to bruises on appellant’s right thigh, right arm and shoulder area.  He also testified this information was most
likely volunteered by appellant as inmates are not asked to remove their
clothing for the medical assessment. An employee of appellant’s counsel also
testified, stating she served a subpoena for appellant’s records on the Brazos
County jail. The subpoena was issued on the day of trial, January 20,
2010.  The employee collected the
requested records the same day, before closing arguments began.  Although she collected the records in the
courthouse, she took them back to counsel’s office.

            The
trial court denied appellant’s motion for new trial.

Analysis

            In his sole point of error,
appellant challenges the trial court’s denial of his motion for new trial.  He contends the State was required to
disclose the county jail medical intake records kept by the Brazos County Sheriff’s
Office under Brady v. Maryland, 373
U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).  Appellant asserts the evidence of the
existence of bruises in those records specifically refuted the testimony of the
only law enforcement officer to testify at trial.  If the new trial had been granted and the
evidence admitted, appellant argues, there is a reasonable probability that the
result of the trial would have been different.

            At
the guilt-innocence phase of trial, the court charged the jury on
self-defense.  Tex. Penal
Code Ann. § 9.31 (West 2010).  The
charge properly placed on the State the burden to disprove appellant’s
contention his use of force was justified by his reasonable belief it was
immediately necessary to protect himself against his girlfriend’s use of
unlawful force.  Tex. Penal Code Ann. §
9.31(a) (West 2010); see Rodriguez v. State, 212 S.W.3d 819, 821
(Tex.App.—Austin 2006, no pet.), citing Zuliani v. State, 97 S.W.3d 589,
594 (Tex.Crim.App. 2003) (when justification is
raised by the evidence, the State bears the burden of proving beyond a
reasonable doubt the defendant’s conduct was not justified by
self-defense).  

            We review the granting or denial
of a motion for new trial under an abuse of discretion standard. Charles
v. State,
146 S.W.3d 204, 208 (Tex.Crim.App. 2004). As the reviewing court,
we do not substitute our judgment for that of the trial court,
rather we decide whether the trial court's decision was arbitrary and
unreasonable. Id. Further, we must view the evidence in the light most
favorable to the trial court's ruling and presume all reasonable factual
findings that could have been made against the losing party were made. Id.
Accordingly, a trial court abuses its discretion by denying a motion
for new trial only when no reasonable view of the record could
support the trial court's ruling. Id. The ruling of the trial court will be upheld if it is supported by the
record and is correct under any theory of law applicable to the case regardless
of the trial court’s stated basis.  State v. Stevens, 235 S.W.3d 736, 740 (Tex.Crim.App.
2007). 

            Under Brady, 373 U.S. 87, the
State has an affirmative duty under the Due Process Clause of the
Fourteenth Amendment to disclose evidence favorable and material to
a defendant's guilt or punishment. Harm
v. State, 183 S.W.3d 403, 406 (Tex.Crim.App.
2006). Once such exculpatory evidence comes into its
possession, the State's duty under Brady attaches, with or without
a request from the defense for disclosure. Id. For a court to
find reversible error under Brady, a defendant must show
that: (1) the State failed to disclose evidence, regardless of the
prosecution's good or bad faith; (2) the withheld evidence is favorable to him;
and (3) the evidence is material, i.e. there is a
reasonable probability that had the evidence been disclosed, the outcome of the
trial would have been different. Hampton
v. State,
86 S.W.3d 603, 612 (Tex. Crim. App. 2002). We must analyze the
alleged Brady violation
"in light of all the other evidence adduced at trial." Id. at 612-13. And we do not apply the
separate harmless error standard for reversal for constitutional error
contained in rule 44.2(a) of the Texas
Rules of Appellate Procedure.  Id. at 612.

            On appeal, the State argues appellant was aware of the
exculpatory information, and his medical records were fully accessible to
him.  It also argues appellant waived any
Brady complaint by not seeking a
continuance.  Finally, it contends appellant
has failed to show the county jail medical records were material.  We focus on the State’s contention regarding
materiality, and do not address the others. 
The mere possibility that an item of undisclosed information might have
helped the defense, or might have affected the outcome of the trial, does not
establish “materiality” in the constitutional sense.  Hampton,
86 S.W.3d at 612; West v. State, No. 10-07-00100-CR, 2008 Tex.App.
LEXIS 9062, at *5-6 (Tex.App.—Waco Dec. 3, 2008, pet.
dism’d) (mem. op., not
designated for publication).  Rather, the
inquiry is whether the State’s failure to disclose the evidence undermines
confidence in the jury’s verdict.  Lempar v. State, 191 S.W.3d
230, 241 (Tex.App.—San Antonio 2005, pet. ref’d); Thomas v.
State, 841 S.W.2d 399, 404 (Tex.Crim.App. 1992).

Appellant
contends the county jail medical intake record was material to his self-defense
claim because it documented he was bruised at the time he entered the
jail.  He argues the State tried to cast
doubt on his injuries.  Appellant
highlights the two statements in the State’s closing argument in which the
prosecutor said appellant never complained of any injuries and decided “that
maybe he was injured after his arrest.” He also points us to the responding
officer’s testimony that he did not see any injuries on appellant the night of
the altercation.  Appellant asserts if
the jury knew that a sheriff’s office employee was aware appellant complained
of bruises before appellant left the custody of law enforcement but after the
altercation, there is a reasonable probability the jury would have concluded
the State had failed to disprove he acted in self-defense.  

We
find the trial court reasonably could have concluded the county jail medical
history notations of appellant’s bruises were not material under Brady. 
The
reasonableness of appellant’s response to his girlfriend’s actions was the
central focus of the trial.  Although the State disparaged the effectiveness of the
girlfriend’s blows, it did not dispute the existence of appellant’s
bruises.  During her testimony, the
girlfriend admitted she may have struck him with her hands, feet and
knees.  The jury also heard from the
physician, without objection, that he observed bruising on appellant’s right
upper arm, right clavicle and right thigh when he examined him five days after
the altercation.  The doctor’s medical
notes documenting the bruises were admitted into evidence along with pictures
of each bruise.  The bruises the doctor
noted were in the same locations as those referred to in the jail medical
history.  

The
officer responding to the 911 calls both appellant and the girlfriend made
testified he did not see any injuries on appellant the night of the
altercation, took appellant at his word that he was not injured, and did not
believe appellant had been hit by his girlfriend.  But he also acknowledged some injuries do not
become visible until later.  The trial
court could have considered it clear that the officer’s testimony was based on
his observations shortly after the altercation. 

The
absence of jailhouse documentation of appellant’s bruises did not keep him from
presenting his claim of self-defense to the jury.  The trial court reasonably could have
considered the evidence was cumulative of the evidence of bruising appellant
introduced through the doctor’s testimony and the photographs he
identified.  See, e.g., McDonald v. State, No.
04-05-00128-CR, 2006 Tex.App. LEXIS 7416, at *15-16 (Tex.App.—San
Antonio Aug. 23, 2006, no pet.) (mem. op., not
designated for publication) (finding asserted Brady evidence similar to other evidence
seen by jury and thus not material).

As
noted, appellant’s claim of self-defense raised the issue whether his use of
force against his girlfriend was justified by his reasonable belief it was immediately
necessary to protect himself against her use of
unlawful force.  The jury found the State
had disproved that contention beyond a reasonable doubt.  Under his contention on appeal, to satisfy his burden to demonstrate the materiality of the
county jail medical history records, appellant was required to show the trial
court there was a reasonable probability the jury would have reached a contrary
decision if he had been provided with the records before trial.  Viewing the entire record in the light most
favorable to the trial court's ruling, it did not abuse its discretion by
finding appellant had failed to show such a reasonable probability.  The court did not err by denying appellant’s
motion for new trial.  We resolve
appellant’s sole issue against him and affirm the judgment of the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 

Do not publish. 

 








 











[1]
Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194,
10 L.Ed.2d 215 (1963). 





[2]
The record also
contains evidence of an injury near appellant’s left eye.  His girlfriend admitted to throwing a yogurt
carton at appellant, striking his left eye. The jury also saw appellant’s
booking photograph introduced by the defense at trial.  Defense counsel asked  the College Station police officer,
referring to the photograph, if a slightly red mark on appellant’s eye might
indicate he was struck.  Defense counsel
again referenced the booking photograph in his closing argument at the guilt
innocence phase, noting “[t]he eye looks red. 
Looks to be a mark on the right inside of the eye.”