Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-10-00414-CR

Ronald Buddy **MAHAVIER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. 09-02-016-CRW
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:      Catherine Stone, Chief Justice
            Sandee Bryan Marion, Justice
            Rebecca Simmons, Justice

Delivered and Filed:  June 1, 2011

AFFIRMED

This appeal raises issues about the defensive charge of self-defense against multiple assailants. Ronald Buddy Mahavier stabbed and killed a man during an altercation at a bar and was convicted by a jury of murder. Although the trial court charged the jury on self-defense as to one assailant (the decedent), a jury charge on self-defense against multiple assailants was neither requested nor given. On appeal, Mahavier contends: (1) his due process right to a fair and impartial trial was violated because the jury charge did not contain an instruction on self-

defense against multiple assailants; and (2) his trial counsel rendered ineffective assistance of counsel by failing to request such a defensive instruction. Because the issues in this appeal involve the application of well-settled principles of law, we affirm the trial court's judgment in this memorandum opinion.

### DUE PROCESS RIGHTS

Mahavier contends that he "was denied a due process right to a fair and impartial trial by his trial counsel's failure to either request or object to the omission of a multiple assailant self-defense instruction." Mahavier asserts that he "had an absolute right to have the jury consider the issue [of] self-defense [against] multiple assailants and the denial of that right resulted in a denial of due process."

In his brief, Mahavier recognizes that an "absolute right" is distinct from a "forfeitable right that must be requested," citing *Marin v. State*, 851 S.W.2d 275, 278-80 (Tex. Crim. App. 1993). Mahavier cites no authority, however, to support his contention that a jury charge containing an instruction on self-defense against multiple assailants is an "absolute right." Moreover, such a contention is contrary to the Texas Court of Criminal Appeals's holding that a trial court has no duty to *sua sponte* instruct the jury on unrequested defensive issues. *See Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998). If the right to have such a defensive issue submitted in a jury charge were an "absolute right," it would follow that the trial court would have a duty to include the defensive issue in the charge. As the Texas Court of Criminal Appeals has stated, however, "Under *Posey*, a party can forfeit the right to complain about the omission of a defensive issue because the defensive issue must be requested before the trial court has a duty to place it in the charge." *Williams v. State*, 273 S.W.3d 200, 223 (Tex. Crim. App. 2008).

Because the right to a defensive instruction is a "forfeitable" right, *see id.*, Mahavier's due process complaint is overruled.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Mahavier also contends that trial counsel was ineffective in failing to request an instruction on self-defense against multiple assailants. Mahavier acknowledges that the jury charge contained a self-defense charge with respect to the actions of the victim, but notes that "a charge which is confined only to the right of self-defense against the deceased is too restrictive if there is evidence that more than one person attacked the defendant." *Frank v. State*, 688 S.W.2d 863, 868 (Tex. Crim. App. 1985).

Ineffective assistance of counsel claims require a showing of both deficient performance and prejudice. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). There is a strong presumption that trial counsel's conduct fell within the wide range of professional assistance. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). An ineffective assistance claim must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Goodspeed*, 187 S.W.3d at 392; *Thompson*, 9 S.W.3d at 813. "Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped." *Goodspeed*, 187 S.W.3d at 392. "This is true with regard to the question of deficient performance — in which counsel's conduct is reviewed with great deference, without the distorting effects of hindsight — where counsel's reasons for failing to do something do not appear in the record." *Id*. "If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." *Ortiz v. State*, 93 S.W.3d 79, 88-89 (Tex. Crim. App. 2002). Trial counsel

ordinarily should be afforded an opportunity to explain his or her actions before being denounced as ineffective. *Goodspeed*, 187 S.W.3d at 392.

In holding that a trial court is not required to *sua sponte* instruct a jury on defensive issues, the Texas Court of Criminal Appeals recognized "which defensive issues to request are strategic decisions generally left to the lawyer and the client." *Posey*, 966 S.W.2d at 63. "An appellate court will not speculate about the reasons underlying defense counsel's decisions." *Stults v. State*, 23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). The instant case is not one in which trial counsel wholly failed to request any defensive instruction. As noted, counsel successfully obtained a self-defense instruction as to the victim's actions. We further note that the victim, unlike the other bar patrons, did not directly witness the initial altercation, and provocation and retreat are issues that must be considered in requesting self-defense instructions where deadly force is used. *See Jaynes v. State*, 216 S.W.3d 839, 854 (Tex. App.—Corpus Christi 2006, no pet.); *Rodriguez v. State*, 212 S.W.3d 819, 821 (Tex. App.—Austin 2006, no pet.); TEX. PENAL CODE ANN. §§ 9.31, 9.32 (West Supp. 2010). Because the record is silent regarding the reasons trial counsel may have elected not to request a self-defense instruction against multiple assailants, the presumption of reasonable effective assistance has not been rebutted. *See Thompson*, 9 S.W.3d at 813. Accordingly, Mahavier's ineffective assistance of counsel complaints are overruled.

Recourse for Mahavier's ineffective assistance of counsel claim is, however, still available. *See Thompson*, 9 S.W.3d at 814. Mahavier "can resubmit his claim via an application for writ of habeas corpus." *Id.* "This would provide an opportunity to conduct a dedicated hearing to consider the facts, circumstances, and rationale behind counsel's actions at that

juncture of trial." *Id*. at 814-15. "Specifically, a hearing would allow trial counsel himself to explain why" he did not request a self-defense instruction against multiple assailants. *Id*. at 815.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH