# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00250-CR

Edward Renauldo Armour, Appellant

v.

The State of Texas, Appellee

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 70,226, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Edward Armour guilty of aggravated assault with a deadly weapon, a second-degree felony. *See* Tex. Penal Code § 22.02. The trial court assessed punishment at 12 years' imprisonment and a restitution payment of $450. In a single point of error on appeal, Armour contends that the evidence was insufficient to support his conviction. We will affirm the trial court's judgment.

## BACKGROUND

The jury heard evidence of an altercation involving appellant Edward Armour, Edward's brother Cory Armour, and complainant James Crathers.[1] According to testimony presented at trial, Edward fired a handgun at James in the course of the altercation. The trial court included

---

[1] To avoid confusion, we will refer to appellant, appellant's brother, and the complainant by their first names.

a self-defense instruction in the jury charge. The jury found Edward guilty, and this appeal followed. On appeal, Armour contends that the evidence was insufficient to support his conviction because the State did not disprove his claim of self-defense.

## DISCUSSION

### *Standard of review*

In reviewing whether the evidence is sufficient to support a conviction, "an appellate court must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found each essential element of the offense beyond a reasonable doubt." *Schneider v. State*, 440 S.W.3d 839, 841 (Tex. App.—Austin 2013, pet. ref'd) (mem. op.); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). When the defendant raises the issue of self-defense, the State bears the burden of persuading the jury beyond a reasonable doubt that the defendant's conduct was not justified by self-defense. *Rodriguez v. State*, 212 S.W.3d 819, 821 (Tex. App.—Austin 2006, no pet.). However, the State is not required to produce evidence to refute the self-defense claim; instead:

> [T]he State has the burden of *persuasion* in disproving the evidence of self-defense. That is not a burden of *production*, i.e., one which requires the State to affirmatively produce evidence refuting the self-defense claim, but rather a burden requiring the State to prove its case beyond a reasonable doubt. [T]he issue of self-defense is an issue of fact to be determined by the jury. Defensive evidence which is merely consistent with the physical evidence at the scene of the alleged offense will not render the State's evidence insufficient since the credibility determination of such evidence is solely within the jury's province and the jury is free to accept or reject the defensive evidence. A jury verdict of guilty is an implicit finding rejecting the defendant's self-defense theory.

*Saxton v. State*, 804 S.W.2d 910, 913–14 (Tex. Crim. App. 1991) (footnote and citations omitted); *see also Allen v. State*, 253 S.W.3d 260, 266 n.24 (Tex. Crim. App. 2008) ("Although the State has no burden of production of evidence on a defensive issue, once a defense is raised it is the State's burden to *persuade* the jury with respect to that issue . . . ."). Therefore, we must determine "whether after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of [the offense] beyond a reasonable doubt and also would have found against appellant on the self-defense issue beyond a reasonable doubt." *Saxton*, 804 S.W.2d at 914.

*Analysis*

At trial, James testified to the following facts. James was sitting inside a parked car when another vehicle pulled up beside him. The driver of the other vehicle, later identified as appellant's brother Cory Armour, got out and was holding a gun. Another man, later identified as appellant Edward Armour, then came out of a nearby house and was also holding a gun. Edward and Cory both stood near James, pointed their guns at him, and threatened him. Unarmed and fearing for his life, James put his car in reverse and backed up, striking Edward and Cory with his open car door. Edward was then standing in front of James pointing a gun at him, so James drove forward, again striking both Edward and Cory. As he drove off, James heard multiple shots being fired, and his rear window was shattered.

James further testified that when he saw Edward and Cory get into the other vehicle and drive off, he followed them because he did not want them to get away before the police arrived. James also called 9-1-1 from his car and provided information about the incident and the location

of the vehicles. As James was following the Armour brothers, Edward leaned out of the window on at least two occasions and shot at James's car. The police eventually arrived and stopped the Armour brothers.

Officers and detectives with the Killeen Police Department testified that they identified and arrested Edward and Cory. According to their testimony, officers discovered two handguns in the Armours' vehicle, one of which was a 9mm pistol. The officers also testified that they recovered 9mm casings at the site where the altercation began. They further testified that officers discovered bullet holes and a bullet fragment inside James's car.

Finally, the State presented to the jury a written statement Edward gave to a police detective a few hours after the altercation. In this statement, Edward declared that he had a handgun in his waistband when he left the house to confront James. Edward also stated that his brother Cory fired at James's vehicle as James drove off. In addition, Edward stated that when James began to follow them, he took the 9mm handgun from Cory, leaned out the passenger's window, and fired at James's tires.

We conclude that a reasonable jury could have found that the State proved each element of aggravated assault with a deadly weapon beyond a reasonable doubt and could also have found beyond a reasonable doubt that Edward's conduct was not justified self-defense. The jury could have believed James's testimony that the Armour brothers were the aggressors and threatened James, who was unarmed, while exhibiting handguns. The jury could also have believed that Edward did not act in self-defense when he leaned out of his window and fired multiple times at James's car, and the jury could have rejected any evidence to the contrary. *See id.* (stating that "the

4

jury is free to accept or reject the defensive evidence"). We therefore conclude that the evidence was sufficient to support Edward's conviction, and we overrule Edward's sole point of error.

## CONCLUSION

Having overruled appellant's sole point of error, we affirm the judgment of conviction.

_____

Scott K. Field, Justice

Before Justices Pemberton, Field, and Bourland

Affirmed

Filed:   March 12, 2015

Do Not Publish