ACCEPTED
12-15-00224-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/13/2015 1:54:50 PM
Pam Estes
CLERK

CASE NO. 12-15-00224-CR

IN THE

TWELFTH COURT OF APPEALS

TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
11/13/2015 1:54:50 PM
PAM ESTES
Clerk

FEDRICK HARRIS STRALOW, Appellant
vs.
THE STATE OF TEXAS, Appellee

On Appeal from the
County Court of Law Number Two
Henderson County, Texas

(Trial Court Case Number 2014-0626CL2)

## BRIEF OF APPELLEE

Barry L. Spencer, Jr.
Henderson County Attorney's Office
100 E. Tyler Street, Room 100
Athens, Texas 75751
Telephone:   (903) 675-6112
Facsimile:   (903) 675-6192
EMAIL:
            barry.spencer@co.henderson.tx.us
State Bar No.:       24013548
ATTORNEY FOR APPELLEE
THE STATE OF TEXAS

i

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................................. ii

Index of Authorities ............................................................................................... iv

Statement of the Case ............................................................................................1

Issue Presented .....................................................................................................2

Statement of Facts.................................................................................................2

Summary of Argument............................................................................................4

Argument and Authority ..........................................................................................5

Conclusion ............................................................................................................8

Prayer ..................................................................................................................9

Statement Regarding Oral Argument........................................................................9

Certificate of Service.............................................................................................10

Certificate of Compliance with Rule 9.4 ..................................................................10

# INDEX OF AUTHORITIES

## CASES

Brooks v. State, 323 S.W.3d 893 (Tex.Crim.App. 2010) ...............................................5

Castanello v. State, 810 S.W.2d 800 (Tex. App.—Austin 1991, no pet.) ......................5

Jackson v. Virginia, 443 U.S. 307 Sup. Ct. 2781 (1979) ..............................................5

Johnson v. State, 23 S.W.3d 1,11 (Tex. Crim. App. 2000). ..........................................5

Rodriguez v. State, 212 S.W.3d 819 (Tex. App—Austin, 2006, no pet.). ......................6

Saxton v. State, 804 S.W.2d 910 (Tex. Crim App. 1991). ............................................6

Smith v. State, 965 S.W.2d 509, 513 (Tex. 1998). ................................................ 6-7

Zuliani v. State, 97 S.W.3d 589 (Tex. Crim. App. 2003) ..............................................5


## STATUTES AND RULES:

Texas Penal Code Ann. Section 9.31(a).........................................................................6

Texas Penal Code Ann. Section 9.31(b)(5) ..................................................................6

Tex. Code. Crim. Proc. 38.04 ......................................................................................7

CASE NO. 12-15-00224-CR

IN THE

TWELFTH COURT OF APPEALS

TYLER, TEXAS


FEDRICK HARRIS STRALOW, Appellant
vs.
THE STATE OF TEXAS, Appellee


On Appeal from the
County Court of Law Number Two
Henderson County, Texas

(Trial Court Case Number 2014-0626CL2)

---

APPELLEE'S BRIEF ON THE MERITS

---

TO THE HONORABLE COURT OF APPEALS:

Comes now Appellee, THE STATE OF TEXAS, by and through her attorney, Barry. L. Spencer, Jr., and respectfully submits her brief on the merits urging that Appellant's conviction for the offense of Assault—Family Violence be affirmed and that he be punished in accordance with the trial courts judgment in this case.

Appellant hereby waives oral argument.

## STATEMENT OF THE CASE

FEDRICK HARRIS STRALOW, Appellant, was charged by complaint and information for the offense of Assault Causing Bodily Injury to a Family Member alleged to have occurred on October 1, 2014. (Clerk's Record, Volume 1, Pages 1-2). On May 11, 2015, a jury heard evidence and found Appellant guilty of the offense charged. (CR 1:38). On July 22, 2015, a sentencing hearing was held and the Court sentenced Appellant to three hundred sixty five (365) days confinement in the Henderson County

1

Jail and assed a $750.00 fine, but probated the sentence for twenty-four (24) months. (CR 1:44-48).

Appellant filed a timely Motion for New Trial on July 28, 2015. (CR 1:49-51).

Appellant filed his Notice of Appeal on August 27, 2015. (CR 1:68).

## ISSUES PRESENTED

Appellant raises one issue on appeal:

Appellant claims the evidence is legally and factually insufficient to reject Appellant's self-defense plea and to support the jury's finding of Defendant guilty.

## STATEMENT OF FACTS

FEDRICK HARRIS STRALOW, Appellant, was charged by complaint and information for the offense of Assault Causing Bodily Injury to a Family Member alleged to have occurred on October 1, 2014. (CR 1:1-2).

On May 11, 2015, a jury heard evidence and found Appellant guilty of the offense charged. (CR 1:38). On July 22, 2015, a sentencing hearing was held and the Court sentenced Appellant to three hundred sixty five (365) days confinement in the Henderson County Jail and assed a $750.00 fine, but probated the sentence for twenty-four (24) months. (CR 1:44-48).

Appellant has appealed to the Twelfth Court of Appeals.

The testimony at trial consisted of the testimony of four witnesses: Stephanie Duggan (the complainant), Melody Ellerbe (Duggan's other brother's girlfriend), Thomas Goodell (Henderson County Sheriff's deputy), and Appellant.

Duggan testified that she is Appellant's biological niece and adopted sister. (RR 2:60). That on October 1, 2014 at about 3:30 or 3:45 in the afternoon that she went to the home of her mother (where Appellant was staying with their mother) to drop her child off with Ellerbe to watch. (RR 2:61,63,68). Duggan testified that once she

2

dropped her child off in the basement with Ellerbe, that she went back upstairs into the kitchen to get her keys to leave and Appellant comes out of his room and gets onto Duggan about her child putting dog food into the water bowl the previous day. (RR 2:64,65). Duggan testified that Appellant was upset and angry when he came into the kitchen. (RR 2:65). Duggan testified that an argument began. (RR 2:66). When Duggan began arguing with Appellant, Appellant raved and approached her quickly. (RR 2:66). Duggan stayed where she was when Appellant approached. (RR 2:67).

Appellant got between 6-8 inches from Duggan's face and was yelling at her and spitting in her face. (RR 2:67). Duggan was scared of Appellant and pushed him to try to get him back from her. (RR 2:68-69). Duggan had no plans to get into an altercation with Appellant and felt as though she was defending herself when she pushed Appellant. (RR 2:75). At that point, Appellant began punching her in the face. Id.

When Appellant hit Duggan in the face, she fell and Appellant got over her and continued striking her in the face and the arms. (RR 2:69-71). Appellant was so afraid that she wet herself. (RR 2:73). The assault only stopped when Ellerbe came into the room. (RR 2:72).

Ellerbe testified that she was home on October 1, 2014. (RR 2:91). That after Duggan dropped her child off for Ellerbe to watch, that she heard Stephanie scream and a loud crash like someone falling on the floor. (RR 2:92). That when she heard the sounds, Ellerbe ran upstairs to see what had happened. (RR 2:92). When she got up the stairs, Ellerbe saw Appellant pounding on Duggan. (RR 2:93). Duggan was curled up on the floor and Ellerbe saw Appellant hitting her four or five times in the face. (RR 2:94). Ellerbe yelled at Appellant to get off her and Appellant quit striking Duggan. (RR 2:94-95). From what Ellerbe saw, Duggan had no hopes of defending herself. (RR 2:95). Appellant then went after Ellerbe. (RR 2:96).

3

Ellerbe testified that from what she saw, Appellant was not defending himself or using only the amount of force necessary to defend himself. (RR 2:97).

Deputy Goodell testified that he was dispatched to the residence on an assault call on October 1, 2014. (RR 2:102-103). That after arriving at the residence that Goodell spoke to a couple of females who told him that Duggan had been assaulted. (RR 2:104-105). Goodell then went into the residence to speak to Appellant. (RR 2:105).

Goodell testified that he looked at Appellant for injuries and found no blood, no scratches, no red marks, or any other sign that Appellant had been assaulted. (RR 2:105-106).

Appellant testified that he observed Duggan from his open bedroom door and got up to ask why she hadn't cleaned the food out of the water bowl. (RR 2:115). That he wasn't angry or aggressive. *Id.*

Appellant testified that they approached each other and Duggan pushed him twice, then grabbed him by the throat with both hands. (RR 2:116). He then reached over and hit her one time. *Id.* Duggan then fell on the ground. (RR 2:117). He "just hit her and she was lying on the ground crying like a little baby." (RR 2:127). Appellant testified that he only hit Duggan one time and that Ellerbe was being dishonest. (RR 2:117-119,130).

The jury rejected Appellant's claim of self-defense and found Appellant guilty of the offense charged. It is that verdict that Appellant appeals.

## SUMMARY OF ARGUMENT

The evidence was sufficient to prove Appellant guilty of the offense of Assault Causing Bodily Injury to a Family Member beyond a reasonable doubt. Appellant does not claim the State did not meet the statutory elements of the offense, but rather that the

4

State failed to disprove Appellant acted in self-defense when the offense was committed. The evidence presented at trial was sufficient to prove Appellant did not act in self-defense when the offense was committed. Appellant provoked the difficulty, the force used by Appellant was not immediately necessary to protect Appellant, and the use of force by Appellant was excessive in response to the justified use of force by Duggan.

## ARGUMENT

### 1. Standard of Review

The standard of review to determine sufficiency of the evidence is whether, in viewing all the evidence in light most favorable to the State, any rational trier of fact could have found the essential elements of the crime. *Jackson v. Virginia*, 443 U.S. 307, 443 U.S. 307, 61 L. Ed. 560, 99 S. Ct. 2781 (1979); *Brooks v. State*, 323 S.W.3d 893 (Tex.Crim.App. 2010). This is true both for direct evidence and for circumstantial evidence. The jury is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. *Castanello v. State*, 810 S.W.2d 800, 807 (Tex. App.—Austin 1991, no pet.). They may accept all of the testimony of a witness, reject all of the testimony of a witness, or accept any part of the evidence. *Id.* Any disparity of conflicts within the evidence is solely up to the jury to resolve. *Id.* When a defendant challenges the factual sufficiency of the rejection of a defense, the reviewing court reviews all the evidence in a neutral light and asks whether the State's evidence taken alone is too weak to support the finding and whether the proof of guilt, although adequate if taken alone, is against the great weight and preponderance of the evidence. *Zuliani v. State*, 97 S.W.3d 589 (Tex. Crim. App. 2003); *Johnson v. State*, 23 S.W.3d 1,11 (Tex. Crim. App. 2000).

### 2. The Law of Self-Defense

5

Texas Penal Code Ann. Section 9.31(a) provides in part, "A person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force."

The defendant has the initial burden of producing some evidence to justify submitting a self-defense instruction, the State must then prove beyond a reasonable doubt that the defendant did not act in self-defense. _Saxton v. State_, 804 S.W.2d 910 (Tex. Crim App. 1991). Although the State has the burden of persuasion, it does not have the burden of producing evidence to refute self-defense affirmatively. _Saxton_ at 913. Jurors must unanimously agree that the defendant's conduct was not justified by self-defense. It is not necessary; however, that the unanimously agree as to why. _Rodriguez v. State_, 212 S.W.3d 819 (Tex. App—Austin, 2006, no pet.).

Texas Penal Code Ann. Section 9.31(b)(5) provides, "The use of force against another is not justified: if the actor provoked the other's use or attempted use of unlawful force, unless: (A) the actor abandons the encounter, or clearly communicates to the other his intent to do so or reasonably believing he cannot safely abandon the encounter; and (B) the other nevertheless continues or attempts to use unlawful force against the actor."

The trial court must give a charge on provocation when there is sufficient evidence (1) that the defendant did some act or used some words which provoked the attack on him, (2) that such act or words were reasonably calculated to provoke the attack, and (3) that the act was done or the words were used for the purpose and with the intent that the defendant would have a pretext for inflicting harm on the other. _Smith v. State_, 965 S.W.2d 509, 513 (Tex. 1998).

Each of the three elements may be proved circumstantially. _Id._ at 515, 517–18.

6

A provocation instruction should be submitted to the jury only when there is evidence from which a rational jury could find every element of provocation beyond a reasonable doubt. *Id.* at 514.

The inquiry is whether "a rational jury could have found provocation beyond a reasonable doubt, viewing the evidence in the light most favorable to giving the instruction. *Id.*

The jury is the exclusive judge of all the facts presented in court and what weight to be given to the testimony. Tex. Code. Crim. Proc. 38.04.

### 3. The Evidence is Sufficient to Support a Finding of Guilt

Appellant does not claim the State did not meet the statutory elements of the offense, but rather that the State failed to disprove Appellant acted in self-defense when the offense was committed. The State will therefore address why the jury did not err in denying Appellant's claim of self-defense.

Appellant did not act in self-defense.

Appellant was the one who initiated the difficulty. Appellant was upset and angry when he came into the kitchen. (RR 2:65). Appellant comes out of his room and gets onto Duggan about her child putting dog food into the water bowl the previous day. (RR 2:64,65).

Appellant approached Duggan quickly. (RR 2:66). Duggan stayed where she was when Appellant approached. (RR 2:67). Appellant got between 6-8 inches from Duggan's face and was yelling at her and spitting in her face. (RR 2:67). Duggan was scared of Appellant and pushed him to try to get him back from her. (RR 2:68-69). The jury was free to not believe Appellant's claim that Duggan choked him.

Goodell testified that he looked at Appellant for injuries and found no blood, no scratches, no red marks, or any other sign that Appellant had been assaulted. (RR

7

2:105-106). Appellant never attempted to abandon the encounter, but decided to continue the assault on Duggan. The jury was free to not believe Appellant's claim that his use of force against Duggan was immediately necessary to protect himself. Duggan lawfully used a minimal amount of force against Appellant to defend herself.

Appellant then used an unreasonable amount of force against Duggan. Appellant then hit Duggan in the face, she fell, and Appellant got over her and continued striking her in the face and the arms. (RR 2:69-71). Ellerbe saw Appellant pounding on Duggan. (RR 2:93). Duggan was curled up on the floor and Ellerbe saw Appellant hitting her four or five times in the face. (RR 2:94). According to Appellant, "she was lying on the ground crying like a little baby." (RR 2:127).

Appellant was not defending himself nor using only the amount of force necessary to defend himself from Duggar. (RR 2:97). Duggan had no hopes of defending herself from Appellant's attack. (RR 2:95). The jury was free to not believe Appellant's claim that the amount of force that he used was reasonable or that it was immediately necessary to protect himself from Duggan's use of unlawful force, if any.

The jury, as the exclusive judge of all the facts presented in court and what weight to be given to the testimony, rejected Appellant's claim of self-defense.

## CONCLUSION

In conclusion, the evidence is sufficient to support a verdict of guilty for the offense of Assault Causing Bodily Injury to a Family Member. The victim testified as to each and every essential element of the Information and much of her testimony was corroborated by other witnesses. Additionally, the testimony of the victim and other witnesses showed that Appellant provoked the difficulty, the force used by Appellant was not immediately necessary to protect Appellant, and the use of force by Appellant was excessive in response to the justified use of force by Duggan. Appellant's

8

contention that the verdict is irrational due to the jury disbelieving his claim of self-defense is without merit and Appellant's issue on appeal should be overruled.

## PRAYER

WHEREFORE, Appellee prays that this Court affirm the judgment of the conviction of the County Court at Law Number Two of Henderson County, Texas and enter a judgment of guilty.

Respectfully submitted,

/s/ Barry L. Spencer, Jr.
Barry L. Spencer, Jr.
Attorney for the State
100 E. Tyler St., Room 100
Athens, Texas 75751
State Bar No. 24013548
903 675-6112 Telephone
903 675-6192 Facsimile
ATTORNEY FOR APPELLEE

## STATEMENT REGARDING ORAL ARGUMENT

Appellee respectfully requests that oral arguments in this case be waived that all arguments that would be asserted in oral arguments have been advanced in the brief.

/s/ Barry L. Spencer, Jr.
Barry L. Spencer, Jr.
Attorney for the State

## CERTIFICATE OF SERVICE

I do hereby certify that on this, the 13th day of November, 2015, a true copy of the Appellee's brief will be served on the following parties by e-mail or by e-service, if available.

ATTORNEY FOR THE APPELLANT"
LINDA ALTIER
Altier Law Offices
1527 E. Fifth St.
Tyler, Texas 75701
Tel: 903 595-4232
Fax 903 595-0031
e-mail: altierlaw@gmail.com
SBN: 00783541

/s/ Barry L. Spencer, Jr.
Barry L. Spencer, Jr.
Attorney for the State

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4

Using Microsoft Word word count utility, I have determined that this document contains 2130 words, not including the "caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance and appendix".

/s/ Barry L. Spencer, Jr.
Barry L. Spencer, Jr.
Attorney for the State